IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

MARTY LORENZO WRIGHT,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CRIMINAL ACTION NO. 4:95-cr-39
CRIMINAL ACTION NO. 4:95-cr-44

*MEMORANDUM OPINION AND ORDER*

Before the Court is Defendant Marty Lorenzo Wright's ("Defendant Wright") Letter Motion to vacate his convictions on two counts under what Petitioner describes as the "*Holloway* doctrine." ECF No. 700. The Government opposed his motion. ECF No. 706. For the reasons stated below, the Motion is **DENIED**.

I.     **FACTUAL AND PROCEDURAL HISTORY**

On March 5, 1997, after a week-long jury trial Defendant Wright was found guilty of multiple counts of drug trafficking, participation in a continuing criminal enterprise, distribution or possession with intent to distribute crack cocaine, and related firearm violations. On June 20, 1997, the Court sentenced Defendant Wright to Life imprisonment, as required under the then-mandatory sentencing guidelines, plus a mandatory consecutive term of 300 months due to the related gun charges.[1] In July 2009, the Court reduced Defendant Wright's Life sentence to 360 months pursuant to Defendant Wright's § 3582 Motion. ECF No. 606. In total, Defendant Wright's reduced sentence is for 660

---

[1] Today the mandatory minimum for a first offense is ten years, with subsequent convictions staying at a mandatory twenty years. 18 U.S.C. § 844(h).

1

months, or fifty-five years. Defendant Wright has served twenty-two years of this sentence. ECF No. 702 at 1.

During his time in prison, Defendant Wright has taken it upon himself to not only improve himself but those around him. In his twenty-two years of imprisonment, Defendant Wright has only had three minor infractions, and has had no infractions in the past fourteen years. ECF No. 700 at 6. Defendant Wright serves as a Suicide Watch Companion at the prison. *Id.* Most impressively, Defendant Wright single-handedly created and has led a faith-based re-entry program for other inmates in his prison that is supported by the Psychology Services. *Id.* at 7, 9. Defendant Wright's "Overcomers Mentor Training" provides education and mentoring skills that aim, among other things, to reduce gang activity, recidivism, and encourage growth. ECF No. 700-3 at 4. As Defendant Wright himself succinctly describes his transformation, he "has spent the majority of his time in prison being an asset rather than a liability and has greatly contributed to the betterment of others." ECF No. 700 at 10.

On May 4, 2017, Defendant Wright filed his Letter Motion with the Court. *Id.* On September 21, 2017 and June 1, 2018, he filed supplements to his motion to provide more examples of his rehabilitation. ECF Nos. 702–03. On July 30, 2018, the Government filed its opposition. ECF No. 706. Defendant Wright filed a reply on August 31, 2018. ECF No. 707.

## II.  LEGAL STANDARD

When a court imposes a sentence of imprisonment, that is considered a final judgment on the matter. 18 U.S.C. § 3582(b). It is well established that "[t]he law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (citing *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Under statutory law, a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances:

upon a motion from the Director of the Bureau of Prisons, as permitted by Federal Rule of Criminal Procedure 35 (for clear error or upon the Government's motion for substantial assistance), or if the sentencing range from the Sentencing Guidelines has been lowered *ex post*. 18 U.S.C. § 3582(c).

### III. DISCUSSION

#### A. The *Holloway* Decision

Defendant Wright sets forth what he calls the "*Holloway* doctrine," based on a relatively recent district court case, *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014) (Gleeson, J.). In that case, Francois Holloway ("Holloway") was convicted of three separate counts of carjacking, each accompanied by a count of using a firearm during a crime of violence under 18 U.S.C. § 924(c). *Id.* at 312. At sentencing, the court sentenced Holloway to fifty-seven years and seven months. *Id.* at 312–13. This occurred because the firearm charges, like the ones Defendant Wright faced, carry mandatory minimum consecutive sentences. *Id.* at 312. Moreover, because § 924(c) has a "recidivism enhancement," the mandatory minimum increases after the first offense, from 5 to 20 years, even if the individual's first offense under this statute arises from the same prosecution as the other charges. *Id.* In other words, individuals like Holloway and Defendant Wright can immediately be sentenced to five years for the first count and twenty years for each subsequent count, all to be served consecutively. 110 Stat. 3503, 18 U.S.C. § 844(h) (amended 1999); U.S.S.G. § 2K2.4(a). Holloway then pursued appeals and collateral attacks of his conviction, to no avail. *Id.* at 313-14. While he was in prison, Holloway began to better himself, much like Defendant Wright. *See id.* at 314.

In July 2012, Holloway petitioned the court to reopen his § 2255 motion under Federal Rule of Criminal Procedure 60(b). *Id.* The court found that "[r]ecognizing that there were good reasons to revisit Holloway's excessive sentence but no legal avenues or bases for vacating it," ordered then-

3

United States Attorney General Lorretta Lynch to consider agreeing to vacating two or more of Holloway's convictions. *Id.* The United States Attorney declined to do so initially, but after the President began a clemency initiative for which Holloway was ineligible, the court ordered the United States Attorney to reconsider. *Id.* On July 10, 2014, the Assistant United States Attorney formally withdrew the Government's opposition and stated that the Government would agree to vacate two of Holloway's convictions under § 924(c). *Id.* at 315. The court then vacated Holloway's convictions, allowing him to be released from prison after serving nearly twenty years for his crimes. *Id.*

### B. Decisions After *Holloway*

The *Holloway* decision was the first to provide this form of post-conviction relief. In one other case another federal court followed a similar pattern where the Government did not oppose the petitioner's request to vacate his convictions. *See United States v. Rivera*, No. 83-cr-96 (E.D. Okla. Sept. 15, 2015), http://www.lisa-legalinfo.com/wp-content/uploads/2017/02/ RiveraOrder170206.pdf. However, these remain the only two instances of this form of relief.

Out of the seventy-one district court decisions this Court could find, each court has denied the petitioner's motion, mainly because the Government has opposed vacatur.[2] *See, e.g., Howard v. United States*, No. 1:04-cr-942, 2018 WL 3973005 (E.D.N.Y. Aug. 20, 2018), *appeal docketed*, No. 18-2706; *United States v. Rodriguez-Mendez*, 4:02-cr-3020, 2018 WL 1767852 (D. Neb. Apr. 12, 2018); *Vann v. United States*, No. 02-cr-85, 2017 WL 4071139 (E.D. Okla. Sept. 14, 2017); *United States v. Davis*, No. 00-0424, 2017 WL 3782702 (D. Md. Aug. 31, 2017); *United States v. Scott*, No. 1:04-cr-453, 2017 WL 9250298 (E.D. Va. Apr. 18, 2017); *Eubanks v. United States*, 92 cr. 0392, 2017 WL 2303671 (S.D.N.Y. May 9, 2017); *Green v. United States*, No. 4:06-cr-1322, 2017 WL 679644 (D.S.C. Feb. 12,

---

[2] No Circuit Court of Appeals has discussed *Holloway* directly. *See, e.g., United States v. Berry*, 869 F.3d 358 (5th Cir. 2017) (mem.) (per curiam).

2017); *United States v. Sumner*, No. 00cr383-01, 210 F. Supp. 3d 21 (D.D.C. 2016); *Buitrago v. United States*, No. 1:96-cr-67, 2016 WL 4366486, at *1 n.1 (S.D Fla. Aug. 16, 2016); *Slade v. United States*, No. 4:08-cr-3, 2016 WL 3911918 (E.D.N.C. July 15, 2016); *United States v. Marin-Moreno*, No. 08-cr-605, 2016 WL 901666 (E.D.N.Y. Mar. 9, 2016) (Gleeson, J.); *Wade v. United States*, No. 15-3372, 2015 WL 7732834 (D. Md. Nov. 30, 2015). In fact, the same judge in *Holloway* denied relief to another prisoner under the same premise. *See Marin-Moreno*, 2016 WL 901666, at *2 (denying relief under *Holloway* but granting relief under *coram nobis* for alternative reasons). Many of the decisions after *Holloway* have questioned the authority federal courts have to order the Department of Justice to consider vacating convictions. *See Rodriguez-Mendez*, 2018 WL 1767852, at *1 n.1 (citing *United States v. Holm*, 877 F.2d 677, 678 (8th Cir. 1989)) ("The *Holloway* court's solution to that problem, while well-intentioned, seems to rest on the assumption that the Court can assert authority so long as no one objects. This Court is not comfortable with that assumption. The limitation period on the Court's authority to modify a sentence is jurisdictional."); *Scott*, 2017 WL 9250298, at *2 ("[I]t is arguable that the district court in *Holloway* overstepped the statutory authority conferred to district courts by Congress."); *Green*, 2017 WL 679644, at *3 ("Notably absent from *Holloway* is an explanation of any statutory or constitutional basis for vacating Holloway's convictions.").

Therefore, the reasoning in the *Holloway* decision is hardly well-established law, especially considering it is a district court case in an entirely different circuit completely devoid of any precedential treatment by the Court. *Buitrago*, 2016 WL 4366486, at *1 n.1.

### C. Defendant Wright's Situation

Unfortunately, Defendant Wright falls into the same category as the other seventy-one petitioners after *Holloway*. The Government has definitively opposed Defendant Wright's motion to

5

vacate his sentence. ECF No. 706. Defendant Wright has exhausted all legal recourse available to him. *See* ECF No. 705 at 1–2. As such, Defendant Wright has no avenue to have his convictions vacated unless the Government moves under Federal Rule of Criminal Procedure 35.

The Court, however, notes that Defendant Wright is just one of many examples of individuals who have been sentenced disproportionally to their convictions. Defendant Wright has sentenced in 1997 under what were then the mandatory Sentencing Guidelines. Ten years later, the Supreme Court held that the Guidelines were advisory, and a court merely needed to consider the Guidelines range. *United States v. Booker*, 543 U.S. 220, 245 (2005). However, the Supreme Court specifically held that a sentencing could not be retroactively reviewed under the advisory approach unless it was pending direct review at the time *Booker* was decided. *Id.* at 268. As such, if Defendant Wright were sentenced today, he could receive a lower sentence that the Court deemed sufficient but not greater than necessary.

And yet, even if he were sentenced today, the firearms violations of which Defendant Wright was convicted are still mandatory after *Booker*. *See* 18 U.S.C. § 844(h); U.S.S.G. § 2K2.4(a). Moreover, Defendant Wright's two firearm convictions "stack," meaning he has to serve his five-year sentence and then his twenty-year sentence back-to-back after he finishes his sentence for the remaining charges. In fact, the mandatory minimums have increased: a first offense would now give him ten years, and subsequent convictions would mandate twenty years. 18 U.S.C. § 844(h). The Court acknowledges that it has no discretion or authority to vacate Defendant Wright's conviction, but it still disagrees with the fact that Defendant Wright was sentenced to fifty-five years and the Court is unable to change it at this point.

The Court commends Defendant Wright for the way he has improved not only his own life but also the lives of others. Many individuals who enter our federal prison system become cynical and

bitter towards the justice system. Many choose to look out only for themselves and to just wait out their sentence. Not Defendant Wright. Defendant Wright chose to create programs for other inmates that would allow them to better themselves. Volunteers at the prison have written to the Court regarding Defendant Wright and his "consistency of character." It is apparent to the Court that Defendant Wright is a rare individual in a system that has a long history of grinding down men and women.

With that being said, the Court cannot express its frustration at its inability to act. But that is how Congress has designed our sentencing system. Outside of a legislative act, the Court itself is unable to grant Defendant Wright the relief he requests.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Petitioner's Letter Motion is **DENIED**.

The Clerk is **DIRECTED** to send a copy of this Order to the Petitioner, the United States Attorney, the United States Probation Office, the Federal Bureau of Prisons and the United States Marshals Service.

**IT IS SO ORDERED.**

Newport News, Virginia
October 5, 2018

/s/
Raymond A. Jackson
United States District Judge